**Francisco J. REYNOSO–HUERTA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 02–72087.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.[*]

Decided June 18, 2004.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

S. Ferrier, Anthony P. Nicastro, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Francisco J. Reynoso–Huerta, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We have jurisdiction to review due process challenges, and review *de novo*. *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002). We deny the petition.

Reynoso–Huerta's first contention that the BIA's summary affirmance process violates due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–851 (9th Cir.2003) (holding that the BIA's streamlining procedure does not violate an alien's due process rights).

Reynoso–Huerta also argues that he had a "settled expectation" that the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") would apply to him because he applied for asylum prior to the effective date of the permanent rules of the IIRIRA, and that it was a denial of

Walter Rafael Pineda, Esq., Law Offices of Walter Rafael Pineda, San Francisco, CA, forn Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., Ernesto H, Molina, Jr., Cindy

due process to place him in removal proceedings. This contention is foreclosed by *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1108 (9th Cir.2003). *See also Jimenez–Angeles,* 291 F.3d at 600–02 (holding that alien did not have settled expectation that she would be placed in deportation proceedings rather than removal proceedings).

■ Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Reynoso–Huerta's motion for stay of removal included a timely request for a stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**